UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ADRIANNE JONES a/k/a ADRIANNE HUGHES, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:19-cv-02897-JAR |
| U.S. DEPT. OF EDUCATION, et al, | ) ) ) | |
| Defendants. | ) ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Dismiss filed by Defendants United States Department of Education and United States Department of Justice (Doc. 5), and Plaintiff Adrianne Jones a/k/a Adrianne Hughes's Motion to Remand (Doc. 8). Plaintiff has not responded to Defendants' Motion. Defendants responded in opposition to Plaintiff's motion (Doc. 10), and Plaintiff replied (Doc. 11).

## **Background**

On June 20, 2019, Plaintiff filed suit pro se in state court. (Doc. 4.) Her complaint is difficult to decipher but the Court understands her to allege that federal agencies are attempting to collect student loan debt that she does not believe she owes. (*Id.*) Although Plaintiff never expressly alleges which laws Defendants' collection activities violate, she mentions "the Consumer Legal Remedies Act,"[1] "the consumer protection laws of this state," "the fair credit reporting act of this state," "the fair debt collection practices laws of this state," the Fair Debt

---

[1] The Court understands the Consumer Legal Remedies Act to be a California law that has no direct federal or Missouri analog.

1

Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Uniform Commercial Code ("UCC"). (*Id.*)

Read liberally, the Court construes alleged violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681,[2] the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. Ch. 407, and the federal FDCPA.[3] Plaintiff cites the UCC in her complaint but the Court is unable to determine what, if any, violation she seeks to raise. Also, Plaintiff expressly alleges in her complaint that "Defendants do not have any contract or *commercial agreement* with [Plaintiff]." (*See* Doc. 4 at 3.) Defendants address a potential claim under Missouri contract law (*see id.* at 9-10), but Plaintiff expressly alleges in her complaint that "Defendants do not have any *contract* or commercial agreement with [Plaintiff]" (*see* Doc. 4 at 3). Finally, Defendants address a potential claim under the Higher Education Act, 20 U.S.C. § 1082 (*see* Doc. 6 at 8), but the Court finds nothing in Plaintiff's complaint that would lead the Court to believe she was advancing such a claim. She seeks declaratory judgment, compensatory damages, and punitive damages. (Doc. 4.) Defendants removed the suit to federal court on October 24, 2019 (Doc. 1), and moved to dismiss on sovereign immunity grounds (Doc. 5).

Eleven days later, Plaintiff moved to remand the case, arguing that her claims do not give rise to a federal question and that there is not complete diversity. (Doc. 8 at 2.) Defendants respond that jurisdiction exists because Plaintiff is suing federal agencies and Defendants are asserting a federal defense. (Doc. 10 at 2.) In addition, Defendants argue that "issuance of federal student loans, and the collection thereof, are clearly acts 'performed under color of federal office' for

---

[2] Missouri has no state analog to the FCRA.
[3] Missouri had no state analog to the FDCPA.

which the Supreme Court has held 'the right of removal is absolute.'" (*Id.* at 3 (quoting *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981)).)

## Plaintiff's Motion to Remand

The Court begins with Plaintiff's motion to remand. Plaintiff argues that Defendants improperly removed the case. The Court disagrees.

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." 28 U.S.C. § 1441(a); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The party invoking jurisdiction bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Prempro*, 591 F.3d at 619 (citing *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

The Court concludes that Defendants properly removed the case to federal court on three different bases. First, Plaintiff alleges that Defendants violated the FCRA, FDCPA, and UCC, which are federal statutes giving rise to federal question jurisdiction under 28 U.S.C. § 1331. *See Owens v. Ameriquest Mortg.*, No. 4:18CV1601 HEA, 2019 WL 1115528, at *2 (E.D. Mo. Mar. 11, 2019) ("plaintiff's FDCPA claim asserts a federal question"). Second, as Defendants state in their response, a civil action commenced in state court and against a federal agency may be removed by the agency to federal court. 28 U.S.C. § 1442(a)(1). Third, a defendant has an absolute right to removal when the alleged misconduct was performed under color of federal office. *Manypenny*, 451 U.S. at 242. Because Defendants' removal was proper, Plaintiff's Motion to Remand will be denied.

## Defendants' Motion to Dismiss

Defendants argue that each of Plaintiff's claims is barred by sovereign immunity or subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

"[T]he United States and its agencies are immune from suit unless sovereign immunity has been waived." *James v. Bleigh Constr. Co.*, No. 2:19-CV-00017 NAB, 2019 WL 6894527, at *2 (E.D. Mo. Dec. 18, 2019) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). Therefore, "[t]o sue the United States, [the plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citing *Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir. 1999)). The burden of proving subject matter jurisdiction is on the plaintiff. *Id.* (citing *Nucor Corp. v. Nebraska Pub. Power Dist.*, 891 F.2d 1343, 1346 (8th Cir. 1989)).

Meanwhile, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "When ruling on a motion to dismiss [under Rule 12(b)(6)], the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### *Plaintiff's FCRA claims*

Defendants argue that they are immune from claims under the FCRA. While neither the Eighth Circuit nor the United States Supreme Court has directly resolved the question of immunity

to the FCRA, nearly every court to consider the issue has found that there is no clear waiver in the text of the statute. *See Stellick v. U.S. Dep't of Educ.*, No. 11-CV-0730 PJS/JJG, 2013 WL 673856, at *4 (D. Minn. Feb. 25, 2013) (collecting cases). Still, the burden to prove waiver is on Plaintiff and she did not respond to Defendants' Motion to Dismiss. Accordingly, the Court will dismiss this claim.

*Plaintiff's MMPA claims*

The Missouri Supreme Court recently considered whether debt collection activity was "in connection with" the sale of dental services, as required to fall under the MMPA. *Jackson v. Barton*, 548 S.W.3d 263, 265 (Mo. 2018), *reh'g denied* (July 3, 2018). The court determined that "efforts to collect payment were an attempt to complete the sale transaction and, therefore, were 'in connection with' the sale." *Id.* at 265. The court cited heavily from *Watson v. Wells Fargo Home Mortg., Inc.*, 438 S.W.3d 404, 407 (Mo. 2014), in which it had held that enforcing a loan's terms is "'in connection with' the sale of the loan because the sale continues for the life of the loan." Thus, the MMPA may provide a cause of action against a creditor.

That said, Plaintiff provides no argument or factual allegation from which this Court could conclude that the federal government waived sovereign immunity from suit under the MMPA. Absent an unequivocal expression of amenability to suit, Plaintiff fails to state a plausible claim against Defendants. *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33 (1992). Accordingly, the Court will dismiss this claim.

*Plaintiff's FDCPA claims*

Plaintiff fails to plead sufficient factual content to allow the Court to reasonably infer that Defendants are liable under the FDCPA because the federal government is expressly excluded from that statute's protections. *See* 15 U.S.C. §1692a(6)(C) ("debt collector" does not include "any officer or employee of the United States or any State to the extent that collecting or attempting

to collect any debt is in the performance of his official duties"). Moreover, the FDCPA does not contain a statutory waiver of sovereign immunity. *Coburn v. Saul*, No. 4:19-CV-2705-DDN, 2020 WL 1275589, at *2 (E.D. Mo. Mar. 17, 2020). Thus, the Court will dismiss this claim.

### *Plaintiff's Demand for Declaratory Judgment and State Law Claims*

Defendants argue that Plaintiff's demand for declaratory judgment must also be dismissed for lack of subject-matter jurisdiction. (Doc. 6 at 8-9.) The Court agrees.

The Declaratory Judgment Act, 28 U.S.C. § 2201, relies on "a case of actual controversy within [a Federal Court's] jurisdiction"; it does not create an independent basis for jurisdiction. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Victor Foods, Inc. v. Crossroads Econ. Dev.*, 977 F.2d 1224, 1227 (8th Cir. 1992)). Because none of Plaintiff's substantive claims survive dismissal, there is no actual controversy before the Court, and her declaratory judgment claim must also be dismissed. *Id.* For the same reasons, the Court will dismiss any remaining state law claim intended by Plaintiff. *Id.* (affirming the dismissal of state law claims under the Court's discretionary pendant jurisdiction).

## Conclusion

The Court concludes that Plaintiff has failed to state a claim upon which relief may be granted, either because Defendants are immune from suit or because she has not pleaded sufficient factual content to allow the Court to infer liability. Likewise, because Plaintiff has no viable substantive claim against Defendants, her demand for declaratory judgment and any state law claim also fail. However, given her pro se status, the Court will dismiss Plaintiff's complaint without prejudice to refiling.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 8), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 5), is **GRANTED** and her Complaint (Doc. 4), is **DISMISSED without prejudice**.

Dated this 30th day of March, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE