**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ADRIANNE JONES a/k/a ADRIANNE HUGHES, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:19-cv-02897-JAR |
| U.S. DEPT. OF EDUCATION, et al, ) ) | |
| Defendants. ) ) | |

## **MEMORANDUM AND ORDER**

Before the Court in this closed matter is Plaintiff's "De Novo Fact and Law Reconsideration Request." (Doc. 14). In her state court complaint, Plaintiff, proceeding pro se, claimed that Defendants were unlawfully attempting to collect student debt. (Doc. 4). Defendants removed the case to this Court and promptly filed a Motion to Dismiss. (Doc. 5). Plaintiff subsequently filed a Motion for Remand (Doc. 8) but failed to respond to the Defendants' Motion to Dismiss. On March 30, 2020, this Court denied Plaintiff's motion to remand and granted Defendants' motion to dismiss. (Doc. 12). In accordance with the Court's order, Plaintiff's claims were dismissed without prejudice. (Doc. 13). Plaintiff now brings this motion for reconsideration. (Doc. 14).

This Court, like the Defendants in their response (Doc. 15), will treat Plaintiff's motion as a Rule 60(b) request for relief from a judgment or order. Fed. R. Civ. P. 60(b)(1)-(6). Rule 60(b)(6) specifically permits the Court to relieve a party from an order when the party demonstrates "any

1

other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Plaintiff did not object to this characterization in her reply to the Defendants' response. (Doc. 16).

A party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." *Prosser v. Nagaldinne*, No. 4:09-cv-02117 JAR, 2013 WL 308770, at *1 (E.D. Mo. Jan. 25, 2013) (quoting *De Wit v. Firstar Corp.*, 904 F.Supp. 1476, 1496 (N.D. Iowa 1995)). "Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion." *General, LLC v. Ryder System, Inc.*, No. 4:18-cv-00442, 2018 WL 5761773, at *2 (E.D. Mo. Nov. 2, 2018).

Plaintiff raises two arguments in her motion, neither of which constitute exceptional circumstances justifying extraordinary relief. First, Plaintiff notes the financial impact of the COVID-19 pandemic. The Court recognizes that the pandemic has had serious financial consequences for individuals across the country, including Plaintiff. Plaintiff's suit as interpreted by this Court, however, alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681; the Federal Debt Collection Practices Act, 15 U.S.C. § 1692; and Missouri consumer protection laws. Unfortunately for Plaintiff, the pandemic has not altered the underlying laws in this case and therefore does not constitute grounds for reconsideration under the high bar set by Rule 60(b).

Second, Plaintiff restates many of her previous arguments, namely that the Court should remand this case and that the Court's order granting Defendants' motion to dismiss was incorrectly decided. A Rule 60(b) motion is not a vehicle for rearguing the merits of a claim. *Harris v. Potter*, No. 4:08-cv-01191 CAS, 2009 WL 1045475, at *2 (E.D. Mo. Apr. 20, 2009); *see also Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). Because Plaintiff simply restates arguments previously addressed by this Court, her claim for relief under Rule 60(b) fails.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "De Novo Fact and Law Reconsideration Request" (Doc. 14) is **DENIED.**

Dated this 26th day of August, 2020.

                                    _____
                                    JOHN A. ROSS
                                    UNITED STATES DISTRICT JUDGE